Prob 12C
(1/06)

# United States District Court
## for the District of Maine
### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Alvin Aaron Jackson           **Case Number:** 03-CR-41-P-H-01

**Name of Sentencing Judicial Officer:** The Honorable D. Brock Hornby, U.S. District Judge

**Date of Original Sentence:** April 9, 2004 (Amended on November 17, 2005)
**Date of 1st Revocation Sentence:** April 1, 2009

**Original Offense:**   Ct. I- Distribution of Cocaine Hydrochloride
Ct. II- Distribution of Cocaine Base, Aiding and Abetting
Ct. IV- Distribution of More than 5 Grams of Cocaine Base, Aiding and Abetting

**Original Sentence:** One hundred thirty-six (136) months imprisonment, all counts, to be served concurrently; sixty (60) months supervised release.
**Amended Sentence:** Sixty-six (66) months imprisonment, all counts, to be served concurrently; three (3) years supervised release on Counts I and II, and five (5) years supervised release on Count IV, to be served concurrently.
**1st Revocation Sentence:** Six (6) months imprisonment; three (3) years supervised release.

**Type of Supervision:** Supervised Release           **Date Supervision Commenced:** 3/17/2008
                                                      **Date 2nd term of Supervision Commenced:** 08/07/2009

**Assistant U.S. Attorney:**                          **Defense Attorney:**
Donald Clark                                          John P. DeGrinney, Esq.

---

## PETITIONING THE COURT

[X]  To issue a warrant/matter to be sealed pending arrest.
[ ]  To issue a warrant/matter to be sealed pending arrest.  Attachment to remain sealed after arrest.
[ ]  To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

**Violation Number**   **Nature of Noncompliance**

ONE   **Standard Condition No. 1: The defendant shall not leave the judicial district without the permission of the court or probation officer.**

On or about **September 20, 2009,** the defendant left the state of Maine and traveled to New Hampshire.  At no time did Jackson request, or receive, permission to leave the district of Maine.  The travel came to light on September 21, 2009, when this officer received a call from Rye, New Hampshire Police Officer William Blais, advising that he

had arrested Jackson the night before on an outstanding warrant. Blais explained that while patrolling the Janness Beach parking lot in Rye at approximately 0215 hrs., he came upon a vehicle occupied by a driver and two individuals in the back seat, one of whom was Jackson. When he ran a warrants check on Jackson, he learned that there was an outstanding warrant out of Plaistow District Court for Driving after Revocation or Suspension. Officer Blais took Jackson into custody, and he was bailed a short time later after being provided with a court date of November 2, 2009, for an arraignment on those charges. On November 3, 2009, this officer contacted the Plaistow District Court Clerk, who advised that Jackson failed to appear for his arraignment. The clerk advised that since the $240 bail he posted was forfeited, a warrant was not issued. It is noted that when this officer confronted Jackson about the travel, he admitted traveling to New Hampshire without permission. He claimed that he was in New Hampshire to attend to his son, who had been in an automobile accident. This officer instructed Jackson to provide documentation about the accident and hospitalization of his son. Jackson has failed to provide any such documentation.

**TWO**   **Standard Condition No. 2: The defendant shall report to the probation officer and submit a truthful and complete written report within the first five days of each month.**

On **October 26, 2009,** Jackson failed to report as instructed to the U.S. Probation Office. In addition, he has failed to file monthly reports as required for the months of September and October, 2009. Lastly, on **October 29, 2009,** this officer attempted to make contact with Jackson at his last known address, without success. A note was left in the door instructing Jackson to call this officer immediately or a warrant would be issued for his arrest. He has failed to contact this officer as instructed. Jackson's cell phone has been disconnected or changed, and he has not provided a new number. His current whereabouts are unknown.

**THREE**   **Special Condition No. 1: The defendant shall not use or possess any controlled substances or intoxicants (including alcohol); and shall participate in a program of drug and alcohol abuse therapy to the satisfaction of the supervising officer. This may include testing, of not more than 70 tests per year, to determine if the defendant has made use of drugs or intoxicants. Defendant shall pay/co-pay for services provided during the course of such treatment, to the supervising officer's satisfaction.**

When initially released from imprisonment, Jackson was placed in testing at Facing Change in Lewiston, close to his residence. He objected to having to be tested at that location because the individual observing the tests is married to one of Jackson's former girlfriends. Although the observer had mentioned this relationship to the Probation Office as soon as he was aware Jackson was to be tested there and had advised he had no problems taking urine samples from Jackson, the defendant insisted he was not comfortable with that arrangement. Jackson was subsequently placed in random urinalysis testing at the Portland Probation Office location. Records indicate that Jackson has failed to call in nightly as required to check his testing schedule, and he failed to report for testing on **November 3, 2009.**

**U.S. Probation Officer Recommendation:**

The term of supervision should be:
[X] Revoked
[ ] Extended for year(s), for a total term of years.
[ ] The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   November 3, 2009

By: *(signed)* Matt Brown
Matt Brown
U.S. Probation Officer

Reviewed by:

*(signed)* FOR

Ryan E. Petroff
Supervisory U.S. Probation Officer
Date:  November 4, 2009

ME100

## SUPERVISED RELEASE VIOLATION COVER SHEET

**NAME:** Alvin Aaron Jackson

**Y/O/B:** 1969

**Offense(s) of Conviction and Classification:**

Count I: Distribution of Cocaine Hydrochloride
Count II: Distribution of Cocaine Base, Aiding and Abetting
Count IV: Distribution of More than 5 Grams of Cocaine Base, Aiding and Abetting

**Original Sentence and Date Imposed:**

Imprisonment: Sixty-six (66) months, all counts, to be served concurrently;
Supervised Release: Three (3) years on Counts I and II; Five (5) years on Count IV, to be served concurrently.

Imposed: November 17, 2005

**1st Revocation Sentence and Date Imposed:**

Imprisonment: Six (6) months
Supervised Release: Three(3) years

Imposed: April 1, 2009

**Available Penalties for Current Violation (with statutory reference):**

**Imprisonment:**

Two years, six months, pursuant to 18 U.S.C. § 3583(e)(3) *

* Term represents the maximum allowable by statute, less the six (6) months imposed on the first revocation.

**Additional Period of Supervised Release:**

Life, less any term of imprisonment imposed, pursuant to 18 U.S.C. § 3583(h)

**Supervising Probation Officer:** Matt Brown